UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| ROBERT JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 2:13-cv-170; 2:09-cr-31 |
| | ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Through his attorney, Robert Johnson ("Johnson" or "petitioner"), an inmate with the Federal Bureau of Prisons, brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, seeking relief under the Fair Sentencing Act, ("FSA"), (Doc. 1178).[1] In 2010, Johnson was convicted, pursuant to his guilty plea, for conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base, receiving, thereafter, a 78-month prison sentence.

The FSA amended 21 U.S.C. § 841 to require larger quantities of crack cocaine to trigger mandatory minimum sentences. As applicable to this case, the FSA increased the threshold for the ten-year mandatory minimum sentence from fifty (50) grams to two-hundred and eighty (280) grams of crack cocaine. At the time of petitioner's sentencing, this Court applied the pre-FSA mandatory minimum because the conduct giving rise to the

---

[1] Docket number citations in this opinion refer to petitioner's criminal case (No. 2:09-cr-31).

conviction occurred prior to the enactment of the FSA. *See United States v. Carridine*, 621 F.3d 575, 580 (6th Cir. 2010) (holding that pre-FSA penalties apply to conduct committed prior to the FSA's enactment).

On June 21, 2012, the Supreme Court held in *Dorsey v. United States*, 132 S.Ct. 2321 (2012), that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Although petitioner committed his crack cocaine offense prior to the enactment of the FSA, he was sentenced after August 3, 2010. According to the plain language of *Dorsey*, petitioner was not subject to the ten-year mandatory minimum term of imprisonment (from which the United States made a § 5K1.1 and § 3553(e) downward departure motion) since his case did not involve the required minimum 280 grams of crack cocaine. Instead, petitioner was subject to a statutory range of 5 to 40 years imprisonment.

Petitioner argues that since he has remained in custody since February 25, 2009, and that since he is currently scheduled for release on January 12, 2014, a reduction in sentence from the 78 months originally imposed would render him eligible for immediate release or placement in a halfway house.

Against this legal background, the United States has filed a response, in which it concedes that *Dorsey* lowered petitioner's effective Guidelines range and that this Court has discretion to reconsider petitioner's sentence, (Doc. 1189). The United States likewise acknowledges that the Court may calculate the downward departure for petitioner's assistance from the bottom of the Guidelines range and may modify the sentence, citing to

2

*United States v. Hadden*, 475 F.3d 652, 668-69 (4th Cir. 2007), and 28 U.S.C. § 2255(b), "without conducting a formal resentencing." The United States defers to the Court's discretion as to whether to modify petitioner's sentence in light of Dorsey and being mindful of the § 3553(a) factors.

The Court has carefully considered the § 2255 motion, the parties' arguments, and the just disposition of this motion. Accordingly, in view of the government's waiver of any objections under the particular facts and circumstances of this case (and as to *this* case only, the government underscores), the Court will **GRANT** petitioner's § 2255 motion, (Doc. 1178), and will enter an order amending the judgment to reflect a time served sentence of imprisonment, pursuant to the FSA and *Dorsey*.

Lastly, given the Court's ruling, petitioner's duplicate § 2255 motion, (Doc. 1180), has been rendered moot, and the Clerk is **DIRECTED** to terminate the motion.

A separate judgment will enter.

**SO ORDERED**.

**ENTER**:

s/ Leon Jordan<br>United States District Judge

3